IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK LYNCH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLEGHENY HEALTH NETWORK and INTRASYSTEMS, LLC,<br><br>Defendants. | Civil Action No. _____ |

**DEFENDANT ALLEGHENY HEALTH NETWORK'S
<u>NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Allegheny Health Network ("AHN" or "Defendant") hereby removes the matter captioned above from the Court of Common Pleas of Allegheny County, Pennsylvania (the "State Court Action") to the United States District Court for the Western District of Pennsylvania. As grounds for removal, AHN states as follows:

<u>STATEMENT OF THE CASE</u>

1. On January 27, 2025, Plaintiff Patrick Lynch ("Plaintiff"), a citizen of Pennsylvania, filed a putative Class Action Complaint in the State Court Action (the "Original Complaint") against AHN, a Pennsylvania nonprofit corporation with a principal place of business in Pittsburgh, Pennsylvania. In the Original Complaint, Plaintiff alleged causes of action for negligence, negligence *per se* and declaratory judgment arising from an October 11, 2024 cybersecurity incident that occurred at IntraSystems, LLC ("IntraSystems"), a third-party IT vendor that hosts, manages, and secures certain computer systems that support AHN's subsidiary

home medical equipment and home infusion companies. AHN was the only defendant named in the Original Complaint.

2. A copy of the Summons and Original Complaint was served on AHN on February 5, 2025. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Original Complaint is attached and incorporated by reference as **Exhibit 1**.

3. On June 9, 2025, Plaintiff filed a Motion for Leave to File Amended Class Action Complaint ("Motion for Leave to Amend") seeking to add IntraSystems, a Massachusetts corporation headquartered in Braintree, MA, as a defendant in the State Court Action. The Motion for Leave to Amend appended as Exhibit A the proposed Amended Class Action Complaint. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Motion for Leave to Amend is attached and incorporated by reference as **Exhibit 2**.

4. On June 13, 2025, AHN and Plaintiff notified the Court that Plaintiff's Motion for Leave to Amend was uncontested. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the notice of uncontested motion Plaintiff submitted in the State Court Action is attached and incorporated by reference as **Exhibit 3**.

5. On June 16, 2025, the Court granted Plaintiff's Motion for Leave to Amend and ordered that the Amended Class Action Complaint attached to Plaintiff's Motion for Leave to Amend as Exhibit A is the operative complaint in the State Court Action. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Court's June 16, 2025 order is attached and incorporated by reference as **Exhibit 4**. Also attached and incorporated by reference as **Exhibit 5** are the docket for the State Court Action, the sheriff's return of service for Plaintiff's complaint, and the appearances of counsel entered in the State Court Action. No other pleadings, process, or orders

in the State Court Action have been served upon AHN, and AHN has not filed any responsive pleadings in the State Court Action.

6. In the Amended Class Action Complaint, Plaintiff alleges damages from the purported unauthorized access and alleged exfiltration of his, and other AHN patients', personally identifiable information ("PII") and protected health information ("PHI") arising from the October 11, 2024 cybersecurity incident that occurred at IntraSystems. *See* Amended Class Action Complaint ("Am. Compl."), ¶¶ 7. Plaintiff alleges that his and the class members' PII and PHI has been compromised and that as a result, they are at an increased risk of fraud, identity theft, misappropriation of health insurance benefits, intrusion of health privacy, and similar form of criminal mischief. *Id.* ¶ 8-9.

7. Plaintiff seeks to certify a putative class defined as "[a]ll citizens of the Commonwealth of Pennsylvania whose PII and/or PHI was compromised in the Data Breach of AHN's and IntraSystem's computer systems which occurred on or around October 11, 2024 through November 19, 2024." *Id.* ¶ 111. Plaintiff asserts claims for negligence and declaratory judgment. *See id.* ¶¶ 125-156. Among other requested relief, Plaintiff seeks an award of compensatory damages, punitive damages, restitution and other equitable monetary relief, declaratory and injunctive relief, disgorgement, attorneys' fees, costs, and expenses, and pre-and post-judgment interest, and appropriate injunctive and declaratory relief. *Id.*, Prayer for Relief ¶¶ A-K.

## CLASS ACTION FAIRNESS ACT

8. Removal of an action filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C.

§ 1441(a). This Court has original jurisdiction over the matter captioned above under the Class Action Fairness Act ("CAFA"). 28 U.S.C. § 1332(d)(2).

*CAFA Overview*

9. Under CAFA, district courts have original jurisdiction over class actions raising state law claims where: "(1) the amount in controversy exceeds $5,000,000, as aggregated across all individual claims; (2) any member of a class of plaintiffs is a citizen of a state different from any defendant; and (3) the class has at least 100 members." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014).

10. This Court must assess CAFA jurisdiction at the time of removal. *See Castro v. Linden Bulk Transp. LLC*, Civ. A. No. 19-20442, 2020 WL 2573288, at *2 (D.N.J. Apr. 20, 2020) (citing *Coba v. Ford Motor Co.*, 932 F.3d 114, 119 (3d Cir. 2019)) ("To determine whether CAFA's subject matter jurisdictional requirements are satisfied, courts consider the allegations in the complaint at the time of removal and defendant's notice of removal."); *Crista v. Drew Univ.*, Civ. A. No. 21-249, 2021 WL 1422935, at *11 (D.N.J. Apr. 14, 2021) ("Generally, courts assess CAFA jurisdiction based on the pleadings at the time of removal.").

11. All three of CAFA's elements are satisfied here.

### *(1) CAFA's Amount in Controversy Requirement*

12. First, with respect to CAFA's "amount-in-controversy" requirement, when a plaintiff alleges no specific amount of damages, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 544 (2014). Further, in assessing whether the amount in controversy is plausibly met, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588,

592 (2013) (holding that to determine whether the amount in controversy exceeds $5 million for CAFA jurisdiction, claims of named and unnamed putative class members who fall within the proposed class shall be aggregated). Thus, the same liberal pleading standards that generally apply at the pleading stage also apply to assessing, for purposes of removal, if plausible allegations support that the amount in controversy requirement is satisfied. *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.12 (3d Cir. 2003).

13.     Here, the amount of controversy requirement is met. Plaintiff alleges that the cybersecurity incident harmed nearly 300,000 individuals. Am. Compl. ¶ 7. The aforementioned damages alleged plausibly surpass the $5 million amount in controversy threshold of CAFA; indeed, courts have found that amount in controversy is plausibly met in data breach class actions involving far few potential class members. *See e.g.*, *Smith v. Am. Pain & Wellness, PLLC*, 747 F. Supp. 3d 989, 999 (E.D. Tex. 2024) (finding burden to meet amount in controversy under CAFA met where plaintiffs brought class action on behalf of "approximately 7,457 persons who were allegedly harmed as a result of the Data Breach")

14.     Further, while AHN denies Plaintiff's allegations and intends to defend itself vigorously against all of Plaintiff's causes of action, nevertheless, and without admitting that Plaintiff and/or any member of the putative class can recover any damages, when one considers the number of alleged putative class members, the alleged violations of law, and the class definition alleged in the State Court Action, the aggregate amount in controversy presented by the case exceeds $5 million for purposes of removal.

15.     Indeed, pending in the Western District of Pennsylvania is *Dimoff v. Allegheny Health Network*, No. 2:25-cv-00125-NR, which is the "Lead Case" of thirteen putative class actions filed in federal courts in Pennsylvania and Massachusetts relating to the same cyber

security incident at issue here that were consolidated on April 23, 2025, by Judge Nicholas Ranjan (the "Order of Consolidation"). (ECF No. 28). According to the Order of Consolidation, all subsequent cases related to the Lead Case, filed before, on the same date of, or after the docketing of the Order of Consolidation "shall be consolidated with and placed on the docket of the Lead Case." *Id.* ¶ 3. Per the Order of Consolidation, "[t]he Court will enter orders joining these related cases as necessary." *Id.* By the Civil Cover Sheet, AHN has identified this case as related to *Dimoff v. Allegheny Health Network*, No. 2:25-cv-00125-NR.

16. Therefore, CAFA's "amount-in-controversy" requirement is satisfied.

*(2) CAFA's Minimal Diversity Requirement*

17. Second, for class actions, CAFA eliminates the "complete diversity" requirement in 28 U.S.C. § 1332(a) and instead imposes a "minimal diversity" requirement that is satisfied so long as "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Doyle v. Southwest Airlines, Inc.*, No. 17-11767 (JMV) (MF), 2018 WL 1128775, at *2 (D.N.J. Mar. 1, 2018) (quoting 28 U.S.C. § 1332(d)(2)(A)). CAFA's "minimal diversity" requirement therefore requires "only one member of the plaintiff class—named or unnamed—[to] be diverse from any one defendant" for diversity to be satisfied. *Gallagher v. Johnson & Johnson Consumer Companies, Inc.*, 169 F. Supp. 358, 602 (D.N.J. 2016).

18. According to the Original Complaint and Amended Class Action Complaint at the time this action was commenced, Plaintiff was, at the time of removal, a resident of Pennsylvania. Am. Compl. ¶ 12. For diversity purposes, a person is a "citizen" of the state where he "resides and intends to remain." *Nhu T. Lam v. Nail Care Spa 4 LLC*, No. 2:24-cv-05527-JDW, 2024 U.S. Dist. LEXIS 193265, at *2 (E.D. Pa. Oct. 24, 2024). The allegations by Plaintiff establish that he is a citizen of Pennsylvania.

19. For purposes of diversity jurisdiction, "a corporation is a citizen of both of the state where it is incorporated and of the state where it has its principal place of business." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015).

20. AHN is a Pennsylvania nonprofit corporation with a principal place of business in Pittsburgh, Pennsylvania. Am. Compl. ¶ 13.

21. IntraSystems is a Massachusetts corporation headquartered in Braintree, MA. *Id.* ¶ 14.

22. Thus, because Plaintiff is a citizen of Pennsylvania and IntraSystems is a citizen of a different state, Massachusetts, CAFA's "minimal diversity" requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).

### (3) CAFA's 100-Member Requirement

23. Third, as to CAFA's requirement that the class contain at least 100 members, courts within the Third Circuit have repeatedly held that allegations that the putative class consists of "hundreds" of members reasonably satisfies CAFA's "100-member" requirement. *See, e.g.*, *Judon*, 773 F.3d at 505 ("Because [the plaintiff] explicitly asserted in her complaint that there are 'hundreds of members,' [the defendant] was entitled to rely on this fact as an admission in favor of jurisdiction."); *Ciccone v. Progressive Specialty Ins. Co.*, Civil Action No. 3:20-CV-981, 2020 WL 7319777, at *4 (M.D. Pa. Dec. 11, 2020) ("[Plaintiff] does not dispute that the proposed class contains at least 100 members; her complaint alleges 'hundreds of members in the proposed [c]lass.'").

24. In this case, Plaintiff alleges, based on AHN's Press Release dated January 17, 2025, that "the number of individuals impacted is approximately 300,000." Am. Compl. ¶¶ 7, n.3,

119. CAFA's "100-member" requirement is thus plainly satisfied for purposes of removal. *See Judon*, 773 F.3d at 505; *Ciccone*, 2020 WL 7319777, at *4.[1]

## REMOVAL PROCEDURE

25. Removal is timely under 28 U.S.C. § 1446(b)(3) and Fed. R. Civ. P. 6(a) because this Notice of Removal is filed within thirty (30) days of AHN's receipt of a copy of the amended pleading from which it could first ascertain that the case became removable.

26. Removal is properly made to the United States District Court for the Western District of Pennsylvania under 28 U.S.C. § 1441(a) because Allegheny County, Pennsylvania, where the State Court Action is pending, is within the Western District of Pennsylvania. *See* 28 U.S.C. § 118(c).

27. AHN will file written notice of the filing of this Notice of Removal with the Court of Common Pleas of Allegheny County, Pennsylvania, concurrently with the filing of this Notice of Removal, and will serve the same on Plaintiff pursuant to 28 U.S.C. § 1446(d).

## CONCLUSION

WHEREFORE, pursuant to this Notice of Removal, AHN hereby removes the matter captioned above from the Court of Common Pleas of Allegheny County, Pennsylvania and requests that the matter captioned above proceed as properly removed to this Court.

**REED SMITH LLP**

*/s/ Justin J. Kontul*
Justin J. Kontul (PA 206026)
Brad A. Funari (PA 89575)

---

[1] Of course, "[h]owever, the CAFA numerosity holding is not dispositive of Rule 23 numerosity." *Kotsur v. Goodman Global, Inc.*, Civil Action No. 14-1147, 2016 WL 4430609, at *3 (E.D. Pa. Aug. 22, 2016). CAFA's "100-member" requirement applies to the number of *proposed* class members, where Rule 23's numerosity requirement applies to the number of *actual* class members, which must be proven by a preponderance of the evidence. *Id.*

                REED SMITH LLP
                Reed Smith Centre
                225 Fifth Avenue
                Pittsburgh, PA 15222
                Phone:  412.288.3131
                Fax:     412.288.3063
                Email:  jjkontul@reedsmith.com
                          bfunari@reedsmith.com

                *Counsel for Allegheny Health Network*

Date: June 27, 2025

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 27, 2025, a true and copy of the foregoing document was filed via the Electronic Case Filing (ECF) System, which will be forwarded to all counsel of record.

REED SMITH LLP

By: s/ *Justin J. Kontul*
Justin J. Kontul